IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTHER PURNELL<br>901 Melissa Court<br>New Castle, DE 19720<br>    Plaintiff<br> v.<br><br>RADNOR TOWNSHIP SCHOOL<br> DISTRICT<br>135 S. Wayne Avenue<br>Wayne, PA 19087<br><br> and<br><br>KENNETH E. BATCHELOR<br>135 S. Wayne Avenue<br>Wayne, PA 19087<br><br> and<br><br>MAUREEN A. McQUIGGAN, Ed.D<br>135 S. Wayne Avenue<br>Wayne, PA 19087<br>    Defendants | CIVIL ACTION NO. _____ |

**COMPLAINT**

Plaintiff, Esther Murray-Purnell, by and through her attorneys, Derek Smith Law Group, PLLC, hereby brings this civil action pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) *et. seq.*, Civil Rights Act of 1866, 42 U.S.C. §1981, and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et. seq.*, and seeks relief for discrimination, disparate treatment, and retaliation from Defendant, Radnor Township School District, Defendant, Kenneth E. Batchelor, and Defendant, Maureen A. McQuiggan, Ed.D, related to Plaintiff Purnell's employment. Plaintiff Purnell alleges and avers:

**Parties**

1. Plaintiff, Esther Murray-Purnell, is an adult African American female individual who resides at the above captioned address and was, at all times relevant, an employee and the Principal of Radnor Middle School.

2. Defendant, Radnor Township School District, ("Defendant RTSD") is a public-school district existing under the laws of the Commonwealth of Pennsylvania with a principal office at the above captioned address, and at all times relevant was Plaintiff Purnell's employer.

3. Defendant, Kenneth E. Batchelor, is an adult Caucasian male individual who, at all times relevant, was and is Superintendent of Schools for Defendant RTSD and thus a supervisor of Plaintiff Purnell and/or had authority to make and/or recommend material decisions over Plaintiff Purnell's employment including to hire, fire, promote, demote, discipline, and suspend.

4. Defendant, Maureen A. McQuiggan, Ed.D., is an adult Caucasian female individual who, at all times relevant, was Director of Secondary Teaching and Learning for Defendant RTSD and therefore had the authority to make and/or recommend material decisions over Plaintiff Purnell's employment, and further had authority over school operations, including Radnor Middle School.

5. Defendant RTSD agreed, accepted, adopted, acquiesced, and/or otherwise was/were bound by the actions, omissions, and conduct of its board members, superintendent, administrators, managers, supervisors, employees, and agents including Defendant Batchelor and Defendant McQuiggan.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction over this matter as it involves a Federal Question, 28 U.S.C. §1331, and the Court maintains supplemental jurisdiction, 28 U.S.C. §1367, over the state law claims.

7. Venue is appropriate before this Court as Defendants reside in the Eastern District of Pennsylvania and all actions and omissions giving rise to this litigation occurred in the Eastern District of Pennsylvania (i.e. Bucks, Montgomery, Delaware, Philadelphia, and Chester County).

8. Furthermore, this Court maintains jurisdiction over Plaintiff's causes of action as Plaintiff has exhausted her administrative remedies, having filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission, and Plaintiff having received a Notice of Right to Sue.

**Summary of Facts**

9. Plaintiff, Esther Murray-Purnell, began work for Defendant RTSD in August of 2002 and worked as a support teacher, interim assistant Principal, assistant Principal, and as Principal of Defendant RTSD's Radnor Middle School from October 2014 to her termination.

10. Defendant RTSD has three elementary schools (Ithan Elementary, Radnor Elementary, and Wayne Elementary School), one middle school (Radnor Middle School), and one high school (Radnor High School).

11. Defendant RTSD has/had five (5) Principals and six (6) Assistant Principals. It is alleged that all principals are/were similarly situated in all relevant aspects including his/her/their supervisors, decision makers, and job responsibilities.

12. Defendant RTSD had two (2) African American Principals (including Plaintiff Purnell) and one African American Assistant Principal. The other principals are/were Caucasian.

3

13. On or about November 29, 2016 Defendant RTSD hired/appointed Defendant Batchelor as Superintendent of Schools, away from his position as Assistant Superintendent at Unionville-Chadds Ford School District. Defendant Batchelor began work on January 30, 2017.

14. In or around July of 2017 Defendant RTSD made Defendant McQuiggan the Director of Secondary Teaching and Learning.

15. Up to that point, Plaintiff Purnell had performed sufficiently and effectively as Principal of Radnor Middle School and maintained the school's high rank and regard. Plaintiff Purnell had no negative performance reviews or disciplinary history worth note. In January of 2016 Radnor Middle School received/earned a National Blue-Ribbon Designation for overall academic excellence from the United States Department of Education.

16. In 2017, however, under the auspices of a negative survey, Defendants Batchelor and McQuiggan placed Radnor Middle School under review, which meant Plaintiff Purnell and staff would be placed under scrutiny.

17. No other schools were placed under review at the time and Plaintiff Purnell submits it was error, and disparate that Radnor Middle School was placed under review. The allegedly negative surveys were never disclosed.

18. Defendant McQuiggan was in charge of the review and she showed a disproportionately negative review of Plaintiff Purnell.

19. In around December of 2017 Plaintiff Purnell had meetings regarding the review. To show receptiveness to the process, Plaintiff Purnell asked for a list of Defendant McQuiggan's concerns. This list was reviewed by Plaintiff Purnell and Defendant McQuiggan and then shared with Plaintiff Purnell's staff to further show compliance with the review.

20. Plaintiff Purnell was surprised several months later to learn that Defendant McQuiggan issued her a "needs improvement" performance review for the 2016-2017 school year, and used the list of concerns as the basis for the review.

21. This was the only negative performance review Plaintiff Purnell received.

22. On or about June 25, 2018 Defendant Batchelor met with Plaintiff Purnell and discussed her retirement. He then called Defendant McQuiggan into the meeting and Defendant Batchelor became accusatory of Plaintiff Purnell and Defendant McQuiggan became critical of Plaintiff Purnell and the middle school.

23. Plaintiff Purnell requested a meeting with Defendant Batchelor on September 6, 2018 to discuss mistreatment, and specifically the mistreatment she received at the June meeting.

24. During the meeting Plaintiff Purnell complained about discrimination, specifically about the difficulties of being a black woman working for Defendant RTSD.

25. The meeting continued to September 7, 2018 and Plaintiff Purnell more specifically complained she was being discriminated against on the basis of race, color, age, and gender. Plaintiff Purnell informed Defendant Batchelor she was making a formal complaint of discrimination with an administrative agency.

26. On September 8, 2018 Plaintiff Purnell completed a Pennsylvania Human Relations Commission Employment Discrimination Questionnaire, alleging race, color, and age discrimination against Defendant RTSD.

27. In-between the meetings, Plaintiff Purnell received notice of a September 10, 2018 meeting with Defendants' Director of Human Resources, Todd Stitzel, to discuss her job performance and administrative direction. Plaintiff Purnell's discrimination complaint was also discussed.

28. Defendant RTSD, by and through Defendant Batchelor and Defendant McQuiggan, suddenly began adding significance to matters surrounding Plaintiff Purnell's employment that were not treated or considered significant previously.

29. On October 11, 2018 Defendant Batchelor issued a memorandum titled "Summary of our Meetings held September 6 and 7, 2018", which described Defendant Batchelor's interpretation and understanding of his meetings with Plaintiff Purnell.

30. In the summary, Defendant Batchelor credits Plaintiff Purnell with having complained about a lack of sensitivity to persons of color in the District.

31. The summary provides that Plaintiff Purnell felt bullied and that Defendant McQuiggan does not know how to speak to persons of color.

32. The summary notes that Plaintiff Purnell complained that her 2016-2017 school year performance review was issued in 2018, and by Defendant McQuiggan, who had not been Plaintiff Purnell's supervisor during the 2016-2017 school year.

33. On October 15, 2018 Plaintiff Purnell was summoned to a meeting "to discuss comments made in a special education meeting."

34. On November 16, 2018 Plaintiff Purnell was required to attend a meeting to discuss approximately six (6) general topics / issues regarding and/or involving her employment. A weather event prevented the meeting from occurring on the day scheduled.

35. Some Defendant RTSD staff and employees showed hostility towards Plaintiff Purnell for having not shown or been able to show for the meeting despite the weather event.

36. The meeting was rescheduled for November 27, 2018, and during the meeting some of the six (6) topics were discussed and some were not, and Defendant RTSD introduced new and additional topics that were previously not mentioned or considered.

37. The escalation and/or increase in the number of topics/issues about Plaintiff Purnell's employment was discriminatory, retaliatory, and shows/showed an intention by Defendant RTSD to terminate Plaintiff Purnell.

38. Later the same day, November 27, 2018, Defendant RTSD suspended Plaintiff Purnell and provided her 30 minutes to leave the premises.

39. Plaintiff Purnell had to set her email account to direct immediate concerns to her Assistant Principals, Douglas Kent and Ryan Buterbaugh, who/whom are both Caucasian males.

40. Plaintiff Purnell never returned to work for Defendant RTSD.

41. On December 5, 2018 Plaintiff Purnell received notice for a December 7, 2018 meeting. The notice states the "purpose of the meeting is to determine if the items stated below warrant disciplinary action up to and including termination." There are/were ten (10) topics / issues, which were not in numbered paragraphs and included brief summaries.

42. On December 14, 2018 Plaintiff Purnell attended a meeting and Defendant RTSD handed her written notice that the Administration was recommending her termination to the Board, and that she was now on unpaid suspended status beginning December 17, 2018.

43. Defendant RTSD's Board of School Directors voted to terminate Plaintiff Purnell on January 22, 2019.

44. Plaintiff Purnell's last day at work was November 27, 2018.

45. Plaintiff Purnell disputes all reasons for her termination as unsubstantiated, meritless, exaggeration, and pre-text to the underlying discrimination and retaliation.

46. Defendant RTSD replaced Plaintiff Purnell with James Fulginiti, a Caucasian male individual, as the interim Principal of Radnor Middle School.

47. Plaintiff Purnell has not learned the findings from any investigation Defendant RTSD's made into her complaint(s) of discrimination.

48. On information and belief, Defendant RTSD did not conduct a good faith investigation into Plaintiff Purnell's September 2018 complaints of discrimination.

49. Plaintiff Purnell received an annual salary of $140,491.45 and benefits including, but not limited to: health insurance; vision and dental insurance; Life and Accident insurance; Long Term Disability; 403(b) retirement account; Public School Employees' Retirement System ("PSERS"), Life Insurance and Supplemental Life Insurance; personal, sick and vacation leave. Her salary and benefits packaged for 2018 is/was valued at $217,547.93 and her most recent salary and benefits package is/was 2 to 3 percent greater in value than the 2018 package.

50. Plaintiff Purnell disputes any reasons proffered by Defendants for her suspension, termination, treatment, and/or discipline as pre-text to the underlying discrimination and retaliation.

51. Plaintiff Purnell was discriminated against on the basis of race, color, and gender.

52. Similarly situated non-African American employees including Principals and Assistant Principals were treated more favorably than Plaintiff Purnell with regard to discipline, suspension, and termination.

53. Plaintiff Purnell engaged in protected activity by having made a complaint of discrimination.

54. The temporal proximity of Plaintiff Purnell's complaint / protected activity to her discipline, suspension, and/or termination is/are unusually suggestive such that an inference of retaliation can be raised without consideration of any further evidence.

55. Alternatively, and/or in addition, there is demonstrative proof of Defendants antagonistic conduct or animus against Plaintiff Purnell, inconsistent reasoning in Defendants actions, and/or other circumstantial evidence to support Defendants adverse actions (discipline, suspension, and termination) were caused and the result of Plaintiff's complaint / protected activity.

## COUNT ONE
### Race Discrimination – Disparate Treatment
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 et. seq.*
**Plaintiff v. Defendant RTSD**

56. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

57. Defendant RTSD is an employer under 42 U.S.C. § 2000e-2 *et. seq* as it is engaged in an industry affecting commerce that has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

58. Plaintiff is a person and has a protected class in her color and that she is African American (race).

59. Under 42 U.S.C. § 2000e-2. *[Section 703]*(a) it shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

60. Defendant RTSD discriminated and disparately treated Plaintiff Purnell with respect to placing her under review, placing Radnor Middle School under review, giving needs improvement performance review, wrongfully and unnecessarily disciplining, suspending and terminating Plaintiff Purnell.

61. Defendant RTSD replaced Plaintiff with a white / Caucasian male.

62. Similarly situated non-black and non-African American individuals were treated more favorably than Plaintiff Purnell with respect to the foregoing.

63. As a direct and proximate result of Defendant RTSD's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, pain and suffering, inconvenience, emotional damages, loss of reputation, mental anguish, loss of enjoyment of life, and other similar damages, all to Plaintiff's great detriment.

64. Defendant RTSD's actions were willful and wanton and thus require the imposition of Punitive Damages.

65. Alternatively, as Defendant RTSD considered Plaintiff Purnell's color/race in deciding to discipline, suspend, and/or terminate, she is entitled to a charge for mixed-motive discrimination/retaliation, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Esther Purnell, hereby demands judgment in her favor and against Defendant, Radnor Township School District, for any and all damages deemed reasonable and just.

## COUNT TWO
**Gender Discrimination – Disparate Treatment**
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 et. seq.*
**Plaintiff v. Defendant RTSD**

66. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

67. Plaintiff is a person and has a protected class in that she is female.

68. Defendant RTSD discriminated and disparately treated Plaintiff Purnell with respect to placing her and her staff under review, placing Radnor Middle School under review, giving needs improvement performance review, wrongfully and unnecessarily disciplining, suspending and terminating Plaintiff Purnell.

69. Defendant RTSD replaced Plaintiff with a white / Caucasian male.

70. Similarly situated male individuals were treated more favorably than Plaintiff Purnell with respect to the foregoing.

71. As a direct and proximate result of Defendant RTSD's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, pain and suffering, inconvenience, emotional damages, loss of reputation, mental anguish, loss of enjoyment of life, and other similar damages, all to Plaintiff's great detriment.

72. Defendant RTSD's actions were willful and wanton and thus require the imposition of Punitive Damages.

73. Alternatively, as Defendant RTSD considered Plaintiff Purnell's gender in deciding to discipline, suspend, and/or terminate, she is entitled to a charge for mixed-motive discrimination/retaliation, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Esther Purnell, hereby demands judgment in her favor and against Defendant, Radnor Township School District, for any and all damages deemed reasonable and just.

## COUNT THREE
### Race Retaliation
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
**Plaintiff v. Defendant RTSD**

74. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

75. Plaintiff Purnell engaged protected activity on or about September 6, 2018 and/or September 7, 2018 when she complained to her supervisor and Superintendent of Schools Defendant Batchelor that she was being subjected to race and color discrimination, and that she was going to an administrative agency to make a complaint of race and color discrimination.

76. Defendant RTSD retaliated against Plaintiff Purnell with adverse employment actions including disciplining, suspending, and terminating Plaintiff Purnell.

77. The temporal proximity between Plaintiff's protected activity and the foregoing adverse employment actions was/were unusually suggestive such that an inference is raised that Defendant RTSD's actions was/were retaliatory and motivated by retaliation.

78. The temporal proximity between Plaintiff's protected activity and the adverse employment actions are/were unusually suggestive of retaliation, such that no further evidence of retaliation is necessary.

79. Alternatively, evidence exists including the series of antagonistic and animus treatment of Plaintiff Purnell from the protected activity to the adverse action such that an inference arises that Defendant RTSD's actions were retaliatory.

80. 63. As a direct and proximate result of Defendant RTSD's retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, pain and suffering, inconvenience, emotional damages, loss of reputation, mental anguish, loss of enjoyment of life, and other similar damages, all to Plaintiff's great detriment

81. Defendant RTSD's actions were willful and wanton and thus require the imposition of Punitive Damages.

82. Alternatively, as Defendant RTSD considered Plaintiff Purnell's protected activity in deciding to discipline, suspend, and/or terminate Plaintiff Purnell, she is entitled to a charge for mixed-motive discrimination/retaliation, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Esther Purnell, hereby demands judgment in her favor and against Defendant, Radnor Township School District, for any and all damages deemed reasonable and just.

## COUNT FOUR
### Gender Retaliation
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
**Plaintiff v. Defendant RTSD**

83. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

84. Plaintiff Purnell engaged protected activity on or about September 6, 2018 and/or September 7, 2018 when she complained to her supervisor and Superintendent of Schools Defendant Batchelor that she was being subjected to gender discrimination and that she was going to an administrative agency to make a complaint of gender discrimination.

85. Defendant RTSD retaliated against Plaintiff Purnell with adverse employment actions including disciplining, suspending, and terminating Plaintiff Purnell.

86. The temporal proximity between Plaintiff's protected activity and the foregoing adverse employment actions was/were unusually suggestive such that an inference arises that Defendant RTSD's actions are/were retaliatory and motivated by retaliation.

87. The temporal proximity between Plaintiff's protected activity and the adverse employment actions was/were unusually suggestive of retaliation, such that no further evidence of retaliation is necessary.

88. Alternatively, evidence exists including the series of antagonistic and animus treatment of Plaintiff Purnell from the protected activity to the adverse action such that an inference arises that Defendants actions was/were retaliatory.

89. 63. As a direct and proximate result of Defendant RTSD's retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of

13

employment, out-of-pocket expenses, pain and suffering, inconvenience, emotional damages, loss of reputation, mental anguish, loss of enjoyment of life, and other similar damages, all to Plaintiff's great detriment.

90. Defendant RTSD's actions were willful and wanton and thus require the imposition of Punitive Damages.

91. Alternatively, as Defendant RTSD considered Plaintiff Purnell's protected activity in deciding to discipline, suspend, and/or terminate Plaintiff Purnell, she is entitled to a charge for mixed-motive discrimination/retaliation, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Esther Purnell, hereby demands judgment in her favor and against Defendant, Radnor Township School District, for any and all damages deemed reasonable and just.

## COUNT FIVE
**Discrimination, Disparate Treatment, Hostile Work Environment, Retaliation**
*Pennsylvania Human Relations Act, 43 P.S. § 951, et. seq.*
**Plaintiff v. All Defendants**

92. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

93. Defendant RTSD is an employer under the Pennsylvania Human Relations Act as it employs citizens of the Commonwealth of Pennsylvania, and also because Defendant RTSD resides in the Commonwealth.

94. Defendants Batchelor and McQuiggan are also employers under the Pennsylvania Human Relations Act because they aided, abetted, coerced, and/or otherwise facilitated the discrimination, retaliation, and other wrongful conduct alleged herein.

95. Plaintiff is protected under the Pennsylvania Human Relations Act and has the protected class of color, being African American (race), and female (gender).

96. Defendants subjected Plaintiff Purnell to a harassing, hostile work environment, disparately treated Plaintiff, retaliated against Plaintiff, and otherwise discriminated against Plaintiff, all on the basis of her race, color, and/or gender.

97. Defendants replaced Plaintiff with a white / Caucasian male.

98. As a direct and proximate result of Defendants discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other similar harms, all to Plaintiff's great detriment.

99. Plaintiff seeks attorney's fees under the Pennsylvania Human Relations Act.

100. Alternatively, as Defendants considered Plaintiff Purnell's race, color, gender, and/or protected activity in deciding to discipline, suspend, and/or terminate, she is entitled to a charge for mixed-motive discrimination/retaliation, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Esther Purnell, hereby demands judgment in her favor and against Defendants, Radnor Township School District, Kenneth E. Batchelor, and Maureen A. McQuiggan, Ed.D., for any and all damages deemed reasonable and just.

## COUNT SIX
### Race Discrimination and Retaliation
*Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981*
**Plaintiff v. All Defendants**

101. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

102. Defendant RTSD is subject to claims under 42 U.S.C. §1981.

103. Defendants Batchelor and McQuiggan personally acted with malice or reckless indifference to Plaintiff Purnell's federally protected rights and thus are proper defendants under 42 U.S.C. §1981.

104. Defendant RTSD's policies, practices, statements, customs, and/or failure to train resulted in the foregoing disparate, discriminatory, and retaliatory conduct that resulted in a constitutional deprivation as alleged herein.

105. Under 42 U.S.C. § 1981: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

106. Defendants discrimination and retaliation of Plaintiff Purnell on the basis of color / race, violated her civil rights under 42 U.S.C. §1981 as alleged herein.

107. As a direct and proximate result of Defendants discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other similar harms, all to Plaintiff's great detriment.

108. Defendants actions were done with malice or reckless indifference to federally protected rights and thus require the imposition of Punitive Damages.

109. Alternatively, as Defendants considered Plaintiff's race, color, and/or protected activity in deciding to discipline, suspend, and/or terminate Plaintiff Purnell, she is entitled to a

charge for mixed-motive discrimination/retaliation, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Esther Murray-Purnell, hereby demands judgment in her favor and against Defendants, Radnor Township School District, Kenneth E. Batchelor, and Maureen A. McQuiggan, Ed.D., for any and all damages deemed reasonable and just.

DEREK SMITH LAW GROUP, PLLC

_____
CHRISTOPHER J. DELGAIZO, ESQ.
Attorney for Plaintiff

Attorney I.D. No. 200594
1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
Fax: 215-501-5911
Email: Chris@dereksmithlaw.com

Date: February 12, 2019