IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTHER PURNELL,<br><br>　　　　*Plaintiff,*<br><br>　　v.<br><br>RADNOR TOWNSHIP SCHOOL DISTRICT,<br><br>　　　　*Defendant.* | **Case No. 19-cv-00612-JDW** |

## MEMORANDUM

On June 1, 2022, the Court issued its Findings of Fact and Conclusions of Law in this employment discrimination matter, determining that Esther Purnell is entitled to $88,738.44 in back pay, as a result of the Radnor Township School District's unlawful retaliation against her. The Court concluded that absent the retaliation, Mrs. Purnell would have continued receiving a salary and benefits and accruing pension funds for an additional 28 weeks. However, in fixing the amount of back pay, the Court did not calculate the pension funds that Mrs. Purnell would have earned. Understandably, Mrs. Purnell has asked the Court to reconsider its decision to correct that oversight, and the Court agrees that reconsideration is warranted.

## I.      RELEVANT BACKGROUND

Following a week-long trial in May 2022, a jury determined that the Radnor Township School District retaliated against the former principal of the Radnor Middle School, Esther Purnell, after she complained of discrimination. The jury awarded her $250,000 in compensatory damages. Thereafter, the Court issued Findings of Fact and Conclusions of Law as to back pay and front pay. The Court determined that Mrs. Purnell would have retired as of June 30, 2019. As a result, she was not entitled to any front pay. However, Mrs. Purnell was entitled to back pay from the date she was suspended without pay, December 17, 2018, until the date of her retirement. That is because Mrs. Purnell would have continued receiving a salary and benefits and accruing pension funds during that 28-week period, absent the School District's retaliation. In calculating the amount of back pay owed to Mrs. Purnell, the Court determined the amount of salary and benefits she would have received during that time, but it neglected to account for the pension funds she would have accrued.

Following the Court's decision, Mrs. Purnell filed a timely Motion for Reconsideration, asking the Court to correct its oversight and calculate the amount of additional retirement benefits that Mrs. Purnell would have continued to earn. The School District contends that the record does not support the calculation of these lost pension funds and opposes reconsideration. The motion is ripe for disposition.

## II.    LEGAL STANDARD

A court may reconsider a prior ruling if the moving party shows (1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Courts should grant reconsideration 'sparingly.'" *Kelly v. RealPage, Inc.*, Case No. 2:19-cv-1706-JDW, 2021 WL 37722, at *2 (E.D. Pa. Jan. 5, 2021) (quotation omitted).

Mere disagreement or displeasure with a court's decision is insufficient to establish a clear error or manifest injustice that would warrant reconsideration of a ruling. *See Haymaker v. Reliance Standard Life Ins. Co.*, No. 15-cv-6306, 2016 WL 3258439, at *2 (E.D. Pa. June 14, 2016) (quotation omitted). Rather, to satisfy this standard, a party seeking reconsideration "must establish 'an error ... that is direct, obvious, [ ] observable' and 'apparent to the point of being indisputable.'" *Id.* (same). That is, "the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it." *Id.* (same).

## III.    DISCUSSION

### A.    Reconsideration

Mrs. Purnell has demonstrated that the Court should reconsider its Findings of Fact and Conclusions of Law with respect to additional Pennsylvania Public School Employees' Retirement System ("PSERS") benefits to which she is entitled. Though the Court determined that Mrs. Purnell "would have continued ... accruing pension funds ... until her retirement at the end of the school year, June 30, 2019[,]" it did not calculate the actual amount of additional pension funds that she would have received. *Purnell v. Radnor Twp. Sch. Dist.*, No. 19-cv-612-JDW, 2022 WL 1773671, at *4, ¶ 3 (E.D. Pa. June 1, 2022). This is the type of oversight that motions for reconsideration are meant to address. *See Jarzyna v. Home Props., L.P.*, 185 F. Supp. 3d 612, 622 (E.D. Pa. 2016), *aff'd*, 783 F. App'x 223 (3d Cir. 2019) ("[A] motion for reconsideration may address 'only factual and legal matters that the Court may have overlooked' and may not 'ask the Court to rethink what it had already thought through—rightly or wrongly.'").

In this case, the Court has already determined that Mrs. Purnell is entitled to these lost PSERS benefits, yet it neglected to calculate how much. It would be manifestly unjust to deprive Mrs. Purnell of retirement benefits that she would have earned, absent the School District's unlawful retaliation, and the Court will grant reconsideration to correct that oversight.

**B.      Calculation Of PSERS Benefits**

The trial evidence allows the Court to use simple math to calculate the additional

pension benefits to which Mrs. Purnell is entitled. *First*, her expert, Andrew Verzilli, testified

that PSERS benefits are calculated "based on how many years you work times the factor

2.5 percent, times your final average salary." (Trial Testimony ("T.T."), May 4, 2022 ("Day

3"), 94:21-25.) This testimony is unrebutted. Likewise, the record establishes that PSERS

calculates the final average salary by averaging an employee's three highest salaries. (*See*

T.T., May 3, 2022 ("Day 2"), 245:18 – 246:6; Ex. 169.)

*Second,* the Court has determined that the School District deprived Mrs. Purnell of

28 weeks' worth of accrued pension funds between December 17, 2018 (the date of her

suspension without pay) and June 30, 2019 (the date she would have retired). *See Purnell*,

2022 WL 1773671, at *4, ¶ 3. Those 28 weeks translate to .54 years of service. The record

also supports a finding that had Mrs. Purnell retired at the end of the 2018-2019 school

year, as intended, her final average salary would have been $140,541.42, the average

salary based on Mrs. Purnell's last three years at the School District, i.e., the 2016-17, 2017-

18, and 2018-19 school years. (*See* Ex. 169.) According to the formula for calculating

PSERS benefits: ( .54 years of service x 2.5% x $140,541.42 final average salary), Mrs. Purnell

would have been entitled to an additional $1,897.31 of pension benefits per year.

*Third,* Mr. Verzilli also testified that Mrs. Purnell is expected to live until about age

84. Again, this testimony is unrebutted. Based on her life expectancy, Mrs. Purnell would

have received an additional 26 years' worth of these additional pension benefits, had the School District not retaliated against her. These pension benefits are not front pay because they accrued to Mrs. Purnell before trial, and they are not a proxy for restoring her to her prior position.

*Fourth*, Mrs. Purnell would have received some of that money prior to trial and the judgment in this case. In particular, she would have earned an additional $1,897.31 for each of the 2019-20, 2020-21, and 2021-22 school years, a total of $5,691.93. The Court will award pre-judgment interest on those payments to make Mrs. Purnell whole. The Court will use an interest rate of 2.11% because Mrs. Purnell proposed it in a separate Motion and the School District did not dispute it, and the Court will compound the interest annually. (*See* ECF No. 66 at 2 n.2.) In total, that yields interest of $243.60, and a total for past payments of $5,935.53.

*Fifth*, like front pay, Mrs. Purnell would not have had the rest of the increased pension payments in hand now, even if she had retired with a higher pension benefit. Because it would have come to her over time, the Court must discount it to present value to avoid giving Mrs. Purnell a windfall. *See, e.g.*, *Newton v. Pennsylvania State Police*, No. 18-cv-1639, 2022 WL 874306, at *14 (W.D. Pa. Mar. 24, 2022) (reducing plaintiff's lost pension benefits to present value). Mr. Verzilli testified that he used a discount rate of 4% and explained his reasons for selecting this particular rate. (T.T., Day 3, 96:4 – 97:12.) The School District did not rebut this testimony or offer a different discount rate, so the Court

will credit Mr. Verzilli's testimony and utilize the same rate to calculate present value on its own. *See Maxfield v. Sinclair Int'l*, 766 F.2d 788, 797 (3d Cir. 1985) (expert testimony was not needed to reduce the damage award to present value). Now that she is 61 years old, Mrs. Purnell's life expectancy is 23 years. Over the next 23 years, she would have received an additional $43,638.13 in pension benefits ($1,897.31 x 23). Applying a discount rate of 4%, compounded annually, the present value of $43,638.13 is $17,705.14.

*Sixth*, adding the past due amount to the present value of future payments yields a total of $23,640.67. The Court will amend the civil judgment to award Mrs. Purnell $23,640.67 in lost pension benefits.

## IV.    CONCLUSION

The Courts grants reconsideration of its prior findings of facts and conclusions of law as to the issue of back pay, as it would be manifestly unjust for the School District to deprive Mrs. Purnell of retirement benefits that she would have continued to accrue until her retirement on June 30, 2019. An appropriate Order amending the Civil Judgment follows.

**BY THE COURT**:

*/s/ Joshua D. Wolson*
Hon. Joshua D. Wolson
United States District Judge

Date:  July 14, 2022